# CASES DETERMINED

AT THE

# August Term, 1909.

BAYFIELD COUNTY BANK, Respondent, vs. DULUTH LOG COMPANY, imp., Appellant.

*October 29—November 12, 1909.*

*Liens on logs, etc.: Enforcement by assignee: Pleading: Joinder of causes.*

1. A finding by a referee, confirmed by the trial court, that certain time checks were purchased, not paid, by the plaintiff bank, is *held* to be sustained by the evidence.
2. Objection to the joinder in one action of claims on several time checks, if not taken by demurrer or answer, is waived.
3. Under sec. 3333, Stats. (1898), an assignee of several time checks, though not himself an employee, may enforce all the claims for liens in one action.

APPEAL from a judgment of the circuit court for Oneida county: A. H. REID, Circuit Judge. *Affirmed.*

This action was brought to enforce a large number of laborers' liens on posts, poles, and other log products, under the provisions of sec. 3329 *et seq.,* Stats. (1898). The plaintiff claimed to have purchased the claims and to be entitled to enforce the same as assignee. The case was tried before a referee, and it was found that the plaintiff bank purchased a large number of time checks, issued by the defendant the Jacobs-McDonnell Company, for work on logs and timber, and that such time checks were assigned by the various labor-

·ers to the bank by indorsement; that said checks were pur-chased by the plaintiff pursuant to an agreement between the plaintiff and the Jacobs-McDonnell Company, by which the plaintiff agreed to purchase the checks and claims at their face and the Jacobs-McDonnell Company agreed to pay in-terest on them from the time of the purchase until they fell due; and that the plaintiff was entitled to judgment of lien on the posts, poles, and timber described in the complaint, a part of which was in the possession of the defendant the *Du-luth Log Company.* The referee's report was confirmed by the court and judgment entered thereon, from which the *Du-luth Log Company* appeals.

For the appellant the cause was submitted on the brief of *Archibald McKay.*

*A. W. McLeod,* for the respondent.

Winslow, C. J. A number of errors are assigned, but only two are argued, and these are all we deem it necessary to consider.

It is first contended that the evidence clearly shows that the plaintiff paid the time checks instead of purchasing them. This contention must be overruled. The so-called checks were simply memorandums of the number of days' work done and the balance due therefor, signed by the foreman and pay-able at the plaintiff bank. They were not directed to any person or corporation as the payor. It is true that the evi-dence was somewhat vague as to the arrangement under which the bank cashed them, but it was certainly sufficient to justify an inference of fact that the bank agreed to and did purchase them and did not agree or intend to pay them.

It is said that the plaintiff could not join, in one action, claims on a number of time checks. There seem to be two answers to this contention: *First,* the objection was not taken either by demurrer or answer and hence is waived; *second,* sec. 3333, Stats. (1898), expressly gives one employee the .

right to take by assignment the claims of others and enforce them all in one action.    It then makes such claims generally assignable, and gives the assignée the same rights of enforcement as the assignor.    Thus the assignee, who is not himself an employee, is put upon the same footing as an employee with regard to the enforcement of such claims.

*By the Court.*—Judgment affirmed.